UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERNEST CARROLL FARRIS III,<br><br>                    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                    Defendant. | CASE NO. C17-5746 BHS<br><br>ORDER REVERSING AND REMANDING |

## I.     BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    ( X ) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 38 at time of alleged disability onset

Principal Disabilities Alleged by Plaintiff: severe degenerative disc disease, depression, anxiety, herniated belly button, left foot crushed, tear in left shoulder, diabetes, hbp, skin cancer, and severe memory loss. ER 236.

Disability Allegedly Began: May 31, 2007.

Principal Previous Work Experience: security guard, paving operator, warehouse worker, forklift operator, and concrete cutter.

Education Level Achieved by Plaintiff: 9th grade

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ :

    Date of Hearing: June 14, 2016

    Date of Decision: August 26, 2016

    Appears in Record at: ER 20–34

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since April 14, 2014, the application date (20 CFR 416.971 et seq.).
        The claimant has the following severe impairments: obesity; post myocardial infarction; degenerative disc disorder (DDD); left shoulder tendonitis; left knee medial meniscus tear post arthroscopic repair; cognitive disorder with mixed anxiety and depressed mood (20 CFR 416.920(c)).
        The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
        After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except: The claimant can occasionally climb ramps and stairs; he should not climb ladders, ropes and scaffolds; he can occasionally stoop, kneel and crouch, he can frequently balance but he should not crawl. He can occasionally reach overhead with his left (nondominant) upper extremity. The claimant can understand and remember simple instructions and has sufficient concentration, persistence and pace to complete simple, routine tasks for a normal workday and workweek. He should be in a workplace with few changes to the work setting. Lastly, he would need 2 additional 15 minute breaks each day beyond normal breaks.
        The claimant is unable to perform any past relevant work (20 CFR 416.965).

The claimant was born on January 17, 1969 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

The claimant has not been under a disability, as defined in the Social Security Act, since April 14, 2014, the date the application was filed (20 CFR 416.920(g)).

Before Appeals Council:

Date of Decision: July 28, 2017

Appears in Record at: ER 1–3

Summary of Decision: Denied review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Ernest Carroll Farris III ("Farris"), bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

§§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

Whether the ALJ properly assessed the weight given to Farris's treating physician, Gerard Sebastian, MD;

Whether the ALJ gave legally sufficient reasons for rejecting the opinions of examining physicians, Drs. Peter Weiss, PhD and Alysa Ruddell, PhD;

Whether the ALJ assigned an improper amount of weight to the opinion of a non-examining physician;

Whether the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony about the limiting effects of his conditions;

Whether the ALJ met her burden at step five of the sequential evaluation process.

## VII. DISCUSSION

**A.  Medical Opinion Evidence**

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and

whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706–07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

There are several categories of medical professionals that typically provide opinion and other evidence that is reviewed during the Social Security application and

appeal process. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). These include licensed physicians or psychologists: (1) who treat the claimant; (2) who examine but do not treat the claimant; and (3) who neither treat nor examine the claimant, but review medical records and other information. *Molina v. Astrue,* 674 F.3d 1104, 1111–12 (9th Cir. 2012); *Lester,* 81 F.3d at 830; *Gomez,* 74 F.3d at 971; 20 C.F.R. § 404.1513(a)–(d), § 404.1529(a),(c), § 416.913. Also included are: other "acceptable medical sources" who are medical professionals but who are not licensed physicians or psychologists; and other, non-medical sources. *Leon v. Berryhill,* 874 F.3d 1130, 1133–34 (nurse practitioner is an acceptable medical source for claims filed after March 27, 2017, under updated regulation 20 C.F.R. § 404.1527 and § 416.920(c)); *Popa v. Berryhill,* 872 F.3d 901, 906 (9th Cir. 2017) (treatment provider with a PhD in nursing was an "other source" under the pre-March 27, 2017 regulation even though she was the primary treating medical provider for plaintiff).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent

with other independent evidence in the record." *Id.* at 830–31; *Tonapetyan*, 242 F.3d at 1149.

In this case, Farris contests the ALJ's rejection of treating, examining, and nonexamining physicians. First, the ALJ gave little weight to the opinion of Dr. Sebastian, Farris's treating physician. Dr. Sebastian opined that Farris had severe limitations due to his cervical spine and lumbar spine disc disease. ER 593. He opined that Farris was able to stand/walk less than two hours per day, Farris was able to sit upright less than two hours per day, Farris would need additional breaks during the workday, and that, on a more probable than not basis, Farris would be absent from work more than three days per month. ER 593, 595. The ALJ provided as follows:

> I give little weight to the opinion of Dr. Sebastian as he provided only a cursory explanation for his opinion and he did not provide any reference in the file to support his opinion. Further, his answers were recorded only on a form designed from the attorney which allowed for ambiguity in opinion, referring to "probably" and "more likely than not," therein precluding an opinion with medical certainty. Also, while Dr. Sebastian noted primary impairments of lumbar and cervical spine degenerative severity, his opinion is not supported by the MRIs of the back which noted no significant central canal stenosis (Ex. B-8F/pgs. 3-4).

ER 31. Farris argues that these are insufficient reasons to reject a treating physician's opinion. The Court agrees.

"When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). The Government argues that the ALJ properly rejected Dr. Sebastian's opinion because it conflicted with examining physician Yoshihiro Yamamoto, M.D. Dkt.

12 at 3. The opinions, however, do not conflict. Dr. Yamamoto reviewed Farris's MRI and recommended "physical therapy, perform daily stretching, work on weight reduction and seek pain clinic management." ER 29. Engaging in physical therapy and stretching daily do not conflict with a recommendation that Farris abstain from standing or walking for more than two hours per day and not sit upright for less than two hours per day. Absent a conflict, the ALJ was required to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. *Trevizo*, 871 F.3d at 675.

The ALJ's problems with the cursory nature of Dr. Sebastian's opinion or that it was given on a form provided by Farris's attorney are not clear and convincing reasons to discount it. The Government contends that the form was "unhelpful in evaluating Farris's disability claim." Dkt. 12 at 4. The layout of the form, however, is not a sufficient reason to discount an opinion. *Garrison v. Colvin*, 759 F.3d 995, 1023 n.17 (9th Cir. 2014) (discounting an opinion based solely because it was given on a check-box form "rests on a mistaken factual premise"). Instead, the ALJ must determine whether the opinion is supported by objective medical evidence. *Id*.

Regarding the medical evidence, the ALJ stated that Dr. Sebastain "did not provide any reference in the file to support his opinion" and the opinion was "not supported by the MRIs of [Farris's] back . . . ." ER 31. The ALJ is correct that Dr. Sebastain did not directly cite any evidence to support his opinion, but the MRIs in the record consistently show Farris has degenerative disc disease and spondylolisthesis. Thus, the objective medical evidence supports multiple ailments, and Farris's treating physician offered an opinion based on those ailments. In light of these facts, the ALJ

erred in rejecting Dr. Sebastian's opinion without providing "clear and convincing" reasons or "specific and legitimate reasons support by substantial evidence in the record."

Second, the ALJ also erred in rejecting the opinions of examining psychologists Weiss and Ruddell. These doctors opined that Farris had severe and marked limitations because of his mental health. The ALJ provided similar reasons for rejecting both of these opinions:

> I give little weight to the opinion of Dr. Ruddell, as she only saw the claimant 1 time; Dr. Ruddell apparently relied largely on the claimant's anecdotal reports, but the record reflects the claimant as an unreliable historian; and the opinion of Dr. Ruddell is not consistent with or supported by the overall medical evidence of record which includes no history of any mental health treatment or psychiatric hospitalizations through the date of this decision. Also, Dr. Ruddell did not provide any narrative to support her opinion. She only listed the claimant's anecdotal claims.
>
> ***
>
> I give little weight to the opinion of Dr. Weiss, as he only saw the claimant 1 time; Dr. Weiss apparently relied largely on the claimant's reports, but the record reflects the claimant was an unreliable historian; and the opinion of Dr. Weiss is not consistent with or supported by the overall medical evidence of record which includes no history of any mental health treatment or psychiatric hospitalizations through the date of this decision.

ER 31–32. These are not proper reasons to reject these opinions.

While the ALJ was correct that there is no evidence that Farris has been hospitalized because of mental health problems, the ALJ is incorrect in stating that the record contains "no history of any mental health treatment." *Id*. The Government concedes that the ALJ's statement is factually inaccurate because Dr. Sebastian treated Farris for depression. Dkt. 12 at 7. Thus, the Court finds that this reason is not specific and legitimate because it is based on a factually inaccurate assessment of the record.

The ALJ also faulted these doctors for "apparently" relying on Farris's complaints. Although there is no evidence in the record to support Farris's assertions that he suffered a stroke or traumatic brain injury, it does not logically follow that these doctor's opinions should be rejected because they both "relied largely" on Farris's subjective complaints. For example, both doctors provided observations and a summary of each examination of Farris. ER 560–68, 583–88. This evidence establishes that Farris exhibited noticeable mental impairments during each examination. The fact that Dr. Weiss hypothesized that Farris's impairments are "most likely" the result of an undocumented stroke or head trauma doesn't undermine the conclusion that Farris exhibited such impairments. Moreover, it seems difficult to discount a medical opinion that finds impairments in remote, recent, and immediate memory retention because the patient is an "unreliable historian." In the absence of malingering, the opinion that Farris suffers from memory impairment seems to support the ALJ's critique. Therefore, the Court finds that the ALJ failed to provide specific and legitimate reasons to reject these opinions.

It should also be noted that the ALJ even rejected the state disability psychological consultants who offered assessments that Farris exhibited moderate social limitations. ER. 30. Instead, the ALJ found mild social functioning limitations appropriate. Thus, the ALJ rejected, to some extent, every mental health opinion in the record. While such findings could be upheld in the appropriate circumstance, the ALJ failed to support her rejections with specific and legitimate reasons supported by substantial evidence. The next issue is whether these errors are harmless.

**B.      Harmful Error**

An ALJ's error is harmful unless it is "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

In this case, the ALJ's errors significantly impacted Farris's residual functional capacity and ultimate disability determination. Although the ALJ found that Farris required two additional fifteen-minute breaks during the workday, she did not account for any of the standing/walking limitations or sitting upright limitations and almost fully ignored any mental health limitations. These limitations, if accepted, would impact Farris's ability to secure employment. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001). Therefore, the Court finds that the ALJ's errors were not harmless.

**C.      Relief**

The Court has discretion to determine whether to remand a case for additional evidence or simply to award benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). In this case, the Court will remand for further consideration of the medical evidence because it is unable to reach the conclusion that an ALJ would be required to find Farris disabled after affording the medical evidence its proper weight.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Farris disability benefits is **REVERSED AND REMANDED**. The Clerk shall enter **JUDGMENT** and close this case.

Dated this 3rd day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge